## GLENN TIPTON v. STATE.

No. A-6060. Opinion Filed Sept. 4, 1928.
(269 Pac., 1063.)

W. M. Williams, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the coun-

ty court of Greer county on a charge of having possession of mash fit for distillation, and the manufacturing and distilling of liquors, and was sentenced by the court to serve a term of 60 days in jail and to pay a fine of .$250 and costs. Motion for new trial was filed and overruled, and exceptions duly saved, and the case is appealed to this court.

The evidence on behalf of the state in substance is as follows:

E. T. Smith, sheriff of Harmon county, testified that he went with a party of officers, on the 6th day of November, 1924, to the home of this defendant in Greer county, and they made a search in the pasture of the defendant, about three-quarters of a mile from defendant's home; that they found car tracks around the field near the place where they found the still; they discovered these tracks about one-fourth of a mile from the defendant's home, but did not go to the defendant's home to see if they went on to the house, that no one went to the defendant's house until after they found the still and some mash; the country was rough and full of canyons, and the still and mash could not be seen from the home of the defendant; that there was a dim road going both north and south from near the still, and there were some car tracks near the still; that he had never seen the defendant until the time he was out to the defendant's place; that the tracks that were near the still were both coming from the south and going back to the south; when they first observed the tracks, they were one-fourth of a mile from where the mash was found. The lay of the ground was broken, and the land had a gradual slope and some broken places between the house and still; it was lower at the still, and the ground at the back of the house was lower than the

ground at the house. The witness also identified a cream can and still they found. On cross-examination, witness testified that they had no search warrant to search the home or curtilage of the defendant.

J. W. Ponley and C. M. Pickard, witnesses called on behalf of the state, testified in substance to the same facts as E. T. Smith.

The defendant, in his own behalf, denied any knowledge of the still and mash being where it was alleged by the officers they found it, denied any knowledge of how to make whisky, denied having anything to do with the making of whisky, denied having the milk can where the still was found, and denied having anything to do with the placing of the mash and still where they were claimed to have been found. The defendant further stated, at the time and for some days prior to the alleged search, his wife had been ill, and he had been around the house and at her bedside the greater part of the time, and also called several witnesses, who testified to his previous good character, and to the fact that his wife was sick at the time the alleged search of the premises was made. Defendant also showed that he had lived in that community for 20 odd years, and this was the first charge that had been brought against him; he showed that he was a farmer, and owned about 400 acres of rough land, containing many canyons and hollows, and stated positively that he did not have anything to do with the mash he was charged with having in his possession.

Several errors are assigned, and urged by the defendant for reversing this case. The first assignment of error urged by the defendant is:

"The trial court erred in overruling the motion of the defendant for a new trial."

This assignment practically covers all of the other assignments. The testimony in this case is mostly circumstantial, as no one saw the defendant in actual possession of the mash, but it was found on land owned by him, and was known as pasture land, about three-quarters of a mile from his home. At the still there was found a milk can, with the name of J. F. Tipton on the tag. It was shown that J. F. Tipton was the father of the defendant, and that the defendant two years previously bought the farm from his father.

Effort was made by the state to trace whisky to the home of the defendant; E. T. Smith going so far as to state that he was about 100 yards from the house, and that he smelled whisky, a most remarkable statement, if true. No whisky was found about the house, but an effort was made to show that some was found on the curtilage near the home—that a jar was found that had the odor of whisky. All of which testimony was objected to by the defendant, the objections overruled, and defendant duly excepted.

The testimony with reference to the odor of the whisky, while incompetent and improperly brought out, we do not think prejudiced the rights of the defendant upon a charge of having possession of mash, which was found upon the defendant's land. The record discloses that, when the verdict was brought in by the jury, and the jury failed to fix the punishment, the defendant asked the court to direct the jury to return to the jury room and to fix the punishment, and the court overruled the motion, and the defendant duly excepted. The jury in its verdict found the defendant guilty, and then inserted the following words:

"But fail to agree upon his punishment and leave the same to the court."

Under our statute it is the duty of the court to

submit the punishment to the jury, if requested by the defendant. In this case the record discloses the request was not made until after the jury had returned into open court its verdict, but leaving the punishment to be fixed by the court. If the defendant desired the jury to fix the punishment he should have made the request when the court instructed the jury, and before the jury retired from the courtroom to consider its verdict. The verdict returned by the jury in this case is not so informal as to require it to be corrected, and we do not think the court committed error in refusing to direct the jury to return to the jury room and fix the punishment, after the verdict had been returned by the jury into open court and read.

We think the evidence in this case sufficient to warrant the court in submitting the question of the guilt or innocence to the jury, and the jury, having heard the evidence, and had an opportunity to judge the demeanor of the witnesses on the stand, are the sole and exclusive judges of the weight to be given to the testimony. Where there is any competent evidence to sustain the verdict of the jury this court will not interfere.

We think the testimony sufficient to sustain the verdict of guilty, but in view of the record in this case, and the motion of the defendant to have the jury fix the punishment, and in view of the previous good record of the defendant, we believe the ends of justice would be properly met by modifying the sentence imposed on the defendant, from 60 days in jail and a fine of $250, to imprisonment in the county jail for 30 days and a fine of $100, and the judgment, as so modified, is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.